# Wawa Inc. v. Alexander J. Litwornia & Associates

C.P. of Lehigh County, no. 2001-C-0387.

*David L. Grove,* for plaintiff.
*Nicholas Noel III,* for defendants Alexander J. Litwornia & Associates.
*Leo V. DeVito Jr.,* for defendant Taylor.

WALLITSCH, *J.,* December 24, 2001—Plaintiff Wawa Inc. initiated this action by writ of summons on February 9, 2001. A complaint was subsequently filed and, after preliminary objections were filed to that complaint, plaintiff filed the first amended complaint on May 18, 2001. In the first amended complaint, Wawa asserts causes of action against defendants Alexander J. Litwornia & Associates and Alexander J. Litwornia individually, as well as against Chester L. Taylor, on the theories of commercial disparagement (Count I), intentional interference with actual and perspective contractual relationships (Count II), and civil conspiracy (Count III).

Wawa alleges that defendants have conspired to injure Wawa by waging a campaign of misinformation

designed to "scare the public into believing that Wawa convenience food markets that dispense gasoline cause severe traffic congestion, safety hazards and fatalities." (Pp. 2-3 of Wawa's memorandum of law in opposition to preliminary objections.) Wawa, which is in the business of operating convenience food markets, currently has pending land development plans where applications for zoning approval before municipal governing bodies seeking to open convenience food markets in three locations in the Lehigh Valley. Taylor owns and operates convenience food markets and/or gasoline stations that are in close proximity to the proposed Wawa facilities. Wawa alleges that Taylor devised a scheme to incite community opposition to its proposed food markets and, in doing so, enlisted the aid of Litwornia as expert traffic engineers. Wawa asserts that Litwornia was retained by a group known as the North Bethlehem Neighbors Group to provide information to governmental bodies and officials which could delay or reject Wawa's development plans and proposal at the three locations. Wawa also complains that Taylor and the Litwornia defendants have prepared a videotape and sent it unsolicited to the relevant governmental bodies in order to encourage them to reject Wawa's plans. Wawa contends that these videotapes contain false information about the volume of traffic and safety hazards.

The defendants first argue that Wawa's first amended complaint must be dismissed in its entirety since the conduct alleged by Wawa is protected by the First Amendment to the Constitution of the United States of America and/or Article I Section 20 of the Pennsylvania Constitution. Since we agree with defendants, and grant their

demurrer to the first amended complaint, we need not address the other issues that were raised.

In ruling on these preliminary objections which are in the nature of demurrers, we will accept as true all well-pleaded material facts set forth by Wawa as well as all reasonable inferences that may be drawn from those facts. In doing so, we are convinced that Wawa's complaint is nothing more than a SLAPP (Strategic Lawsuit Against Public Participation) suit. A SLAPP suit is a lawsuit filed by one party against another party in retaliation for the other party speaking out against the first party's agenda. See *e.g., Willcox v. Superior Court,* 33 Cal.Rptr.2d 446; *Gordon v. Marrone,* 590 N.Y.S.2d 649, *aff'd,* 616 N.Y.S.2d 98 (1994). However, our analysis of whether Wawa's first amended complaint may stand is based initially on the First Amendment to the Constitution of the United States which reads as follows:

"Congress shall make no law respecting an establishment in religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, *and to petition the government for the redress of grievances.*" (emphasis added)

A recent case decided by the Third Circuit Court of Appeals in *Barnes Foundation v. The Township of Lower Merion,* 242 F.3d 151 (3d Cir. 2001), analyzed what has come to be known as the "Noerr-Pennington doctrine," that an individual is immune from liability for exercising his or her First Amendment right to petition the government. In *Barnes,* a foundation that operated an art museum brought suit against township officials and local homeowners who had opposed the museum's expan-

sion of operations, which was the subject of zoning applications. The alleged activities of the individual homeowners included picketing and participation at a meeting of the township board of commissioners to oppose the proposed expansion on the basis of expected traffic and parking problems. The foundation alleged that the defendants conspired to deprive it of its rights under the Due Process and Equal Protection Clauses of the United States Constitution by treating it differently from its institutional neighbors as a result of a "racially motivated conspiracy between the township and the neighbors." The Third Circuit found that the dismissal of these claims was appropriate and reversed the district court's refusal to grant counsel fees to all but one of the individual defendants. The Third Circuit pointed out, after a thorough evaluation of the Noerr-Pennington doctrine as a defense to a federal civil rights claim, that:

"Before we close our discussion of the Noerr-Pennington doctrine we hasten to add that persons contemplating bringing suits to stifle First Amendment activities should draw no comfort from this opinion because the uncertainty of the availability of a First Amendment defense when a plaintiff brings a civil rights case now has been dispelled. This point is of particular importance in land-use cases in which a developer seeks to eliminate community opposition to its plans as this opinion should make it clear that it will do so at its own peril."

There is an exception to the Noerr-Pennington doctrine known as the "sham exception" which was discussed in *Chantilly Farms Inc. v. West Pileland Twp.,* 2001 WL 290645 (E.D. Pa. 2001). In that case, the developer sued the township and groups of individual citizens who op-

posed the plaintiff's proposed subdivision of land. The plaintiff alleged that the private defendants petitioned members of the board of supervisors of the planning commission, and made representations to these members in both public and private meetings, which led to the denial of plaintiff's proposal. The district court granted the individual defendants' motion to dismiss the claims against them on the basis of First Amendment immunity. The court recognized that, under the Noerr-Pennington doctrine, a defendant's motive for his or her conduct is irrelevant. The sole exception to the Noerr-Pennington doctrine is the "sham exception" under which a defendant will not be protected if he or she is simply using the petition process as a means of harassment. However, because the individual defendants in *Chantilly Farms* petitioned their local government in order to influence policy and obtain favorable government action, the sham exception did not apply.

In the plaintiff's first amended complaint, Wawa has not alleged that defendants' sole intent is to harass Wawa. Instead, Wawa asserts that defendants have a "common interest in working to defeat the Wawa land development plans or applications for zoning approval. (See plaintiff's first amended complaint at paragraph 19.) Wawa, therefore, is asserting that defendants are seeking to effectuate certain government action and, based on their own claims, the sham exception to the Noerr- Pennington doctrine does not apply. Moreover, there is no "conspiracy" exception to the Noerr-Pennington doctrine. *City of Columbia v. Omni Outdoor Advertising Inc.,* 499 U.S. 565, 111 S.Ct. 1433, 113 L.Ed.2d 382 (1991).

Of course, the actions here are not civil rights actions under the federal laws, but state actions created by the common law. However, the rationale for the immunity under the First Amendment applies equally. Wawa seeks to recover damages against these defendants for actions they have taken to influence the public bodies of the alleged dangers of the Wawa development plans. Instead of competing with Taylor in the marketplace, Wawa has brought this lawsuit to stifle this and other action, both of Taylor and his expert engineer. Wawa gives little credit to the municipal bodies who will rule upon the development plans to be able to separate the wheat from the chaff and decide what is true or false concerning traffic congestion and other issues raised in the hearings. Moreover, should Wawa believe that the municipal bodies have inappropriately acted against Wawa's interests, it has the recourse under law to appeal that decision to the court of common pleas. Apparently, Wawa also has little confidence in the courts to properly review the actions of the municipal bodies.

Article I Section 20 of the Constitution of Pennsylvania reads as follows:

"The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances and other proper purposes, by petition, address, or remonstrance."

We believe that this section of the Pennsylvania Constitution is similarly repugnant to actions such as Wawa has taken here. The ability to petition governmental entities, even for a selfish motive, must be protected if our

democracy is to survive. Lawsuits that would stifle this ability must be dismissed upon their filing or the offending plaintiff will have succeeded in reducing the address of grievances in the next case, and the next, and the next.

We also believe, as far as it relates to the Litwornia defendants, that Wawa's claims against them are barred by the witness immunity doctrine which has been accepted in Pennsylvania. In *Clodgo v. Bowman,* 411 Pa. Super. 267, 601 A.2d 342 (1992), the court applied the witness immunity doctrine to an expert in a medical malpractice action. As alleged in Wawa's complaint, all of the activities of Litwornia were made in the context of its expert services rendered through its retention by the North Bethlehem Neighbors Group. See also, *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

Wawa argues that this case should be controlled by the United States Supreme Court decision in *McDonald v. Smith,* 472 U.S. 479 (1984). However, the facts of the *McDonald* case relate to libel and the Supreme Court's rationale is entirely different than what we have in the present situation. Wawa also cites to a United States District Court case, *Midnight Sessions Ltd. v. City of Philadelphia,* 1990 WL 107347 (E.D. Pa.), and alleges that it supports its position. We disagree with Wawa's interpretation of that case. In fact, the district court in *Midnight Sessions* found that the individual defendant's actions fell under the petitioning privileges of the constitution. As the court stated:

"To permit maintenance of this type of civil rights lawsuit against a private individual would under the circumstances and uncontested facts shown in this case, have

an unfortunate and unjust chilling effect upon the exercise by members of the public of their First Amendment right to complain about a public nuisance." *Id.* at *4.

We believe the same would be true if we permitted Wawa's lawsuit to proceed any further.

## ORDER

And now, December 24, 2001, upon consideration of the preliminary objections of defendants Alexander J. Litwornia & Associates, Alexander J. Litwornia and Chester L. Taylor, after argument thereon, and for the reasons set forth in the accompanying opinion, said preliminary objections are sustained and plaintiff's amended complaint is dismissed.